PEOPLE, PLAINTIFF AND APPELLEE, *v.* MACHADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Voluntary Homicide.

No. 1797.—Decided July 18, 1922.

HOMICIDE—EVIDENCE—CREDIBILITY OF WITNESS—INSTRUCTIONS TO JURY.—Before one of the witnesses for the defendant commenced to testify the attorney for the defendant asked the jury to pay attention to the testimony of the witness because he was with the defendant before the homicide was committed. The district attorney replied as follows: "I announce that this witness is a perjurer and that I have sent for the foreman of the grand jury so that you may know what he testified to before that body." *Held:* That it was prejudicial error not to stop the statement of the district attorney, or at least instruct the jury positively not to consider it in determining the credibility of the witness, especially when no evidence was offered to attack his credibility.

The facts are stated in the opinion.

*Mr. M. A. García Méndez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Cleofe Machado, was convicted of voluntary homicide perpetrated upon the person of Juan Barreto, and was sentenced to imprisonment for eighteen months. He appealed from the judgment.

Cleofe Machado was the brother-in-law of Juan Barreto and a few days before the latter was killed there was a serious quarrel between Machado and his mother-in-law, one witness testifying that he struck her. It appears that this quarrel brought about critical relations between Machado and the relatives of his mother-in-law.

From the evidence for the prosecution it appears that Cleofe Machado was conversing with Emilio de la Rosa on the street near a restaurant and that Juan Barreto came along and was killed by three revolver shots fired by Machado. The theory of Machado's defense is that he did the killing in lawful self-defense, and when he called Emilio de la Rosa as a witness the following incident occurred, as appears from the transcript of the record:

"Before beginning to examine this witness the attorney for the defendant said that he wished to call the attention of the court and the jury to the importance of this witness, Emilio de la Rosa, who, according to the testimony of other witnesses who had already testified, was with Cleofe Machado a short time before the occurrence; therefore, he asked the jury to give the most careful attention to every word of the witness in order that the true facts involved in the case might be brought out.

"Thereupon the district attorney said: 'I announce that this witness is a perjurer and that I have sent for the foreman of the grand jury so that you may know what he testified to before that body.' Counsel for the defendant replied that when Emilio de la Rosa was about to take the witness stand, although he had been called by the district attorney before the grand jury when the case was being investigated and his name was included in the list of witnesses already examined and on whom the district attorney relied to prove his case, yet, because the defendant said that De la Rosa was the principal witnesses in this case, for he was the only person present before and at the time of the killing, it being admitted by all the witnesses that they had seen Emilio de la Rosa and Cleofe Machado together before and at the time of the occurrence, the district attorney charges that the witness is *a perjurer* and that he has sent for the foreman of the grand jury to attack his credibility and to prosecute him for perjury."

Thereafter this witness testified and when his examination was ended, which also ended the evidence, the district attorney said:

"The marshal reported that the foreman of the grand jury was in Mayagüez and could not be found; that he was an important witness for the prosecution, but in view of the fact that he could not be found, his testimony would be waived."

In instructing the jury the court said nothing with regard to the incident that took place when witness Emilio de la Rosa was about to take the stand, but in general terms said that "the statements made by the attorneys or by the district attorney are not evidence in the case and the jury can not base a verdict on those statements."

One of the allegations of the appellant in support of his appeal is that the trial court erred in permitting the district attorney to make the quoted statements with regard to witness Emilio de la Rosa. We think that the error assigned was committed and that it was prejudicial to the defendant.

Emilio de la Rosa was an important witness for the defendant with regard to whether he had acted in lawful self-defense, because this witness was conversing with Cleofe Machado when Juan Barreto arrived at the place and, as testified to by this witness, drew a revolver and advanced upon Machado, who immediately drew his revolver and fired the first shot, after which they grappled and then Machado fired the other two shots. The statements of the district attorney tended strongly to attack his credibility before the jury and it was no excuse for this that the attorney for the defendant asked the jury to give attention to the testimony of the witness because he and Machado were together shortly before the occurrence. The language of the district attorney tended to make the jury distrust the witness and to restrain his freedom in testifying by threatening him with prosecution for perjury, and all of this occurred before the witness

had made any statement in the presence of the jury. The court should have stopped the statement of the district attorney, or, if that were impossible, then the court should have instructed the jury positively not to consider it in determining the credibility of the witness, especially as no evidence was offered to impeach the witness. We quote the following from Underhill on Criminal Evidence, sec. 215:

"The credibility and weight of evidence are for the jury exclusively. All judicial observations or remarks upon the personal character of a witness or the nature, credibility or weight of his evidence, made during his examination, are improper and furnish ground for objection. It is immaterial that the judicial observations were inadvertently made if the accused was substantially prejudiced, though it seems that the error may be cured by a prompt withdrawal or retraction of the objectionable words, or by an instruction to the jury to disregard them."

In view of the conclusion reached, we shall not consider the other assignments of error, as it is necessary to reverse the judgment and order a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.